UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LAWRENCE SHERRON BETTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-298 AGF |
| | ) | |
| DR. EDWIN WOLFGRAM, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. The motion is granted. Additionally, the Court will direct the Clerk to serve Defendant Dr. Edwin Wolfgram with process, and will dismiss the remaining Defendants without prejudice.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

**The Complaint**

Plaintiff is detained at the Metropolitan St. Louis Psychiatric Center pursuant to a court order.[1] He denies having any mental or psychiatric difficulties. Regardless, he was found incompetent to stand trial. He claims that Defendant Dr. Wolfgram forced him to take medicine he did not want or need. His claim against Defendant Dr. Fintel is ambiguous. Fintel either did or did not report that Plaintiff suffered from delusions and hallucinations. There are no allegations pertaining to the remaining Defendants.

**Discussion**

The Court finds that Plaintiff's claim against Dr. Wolfgram for forcibly medicating him should be allowed to proceed. Therefore, the Court will order the Clerk to serve Defendant with process.

The Court will dismiss Plaintiff's claim against Dr. Fintel without prejudice because it does not show facts indicating that Dr. Fintel violated his constitutional rights.

The complaint is frivolous with regard to the remaining Defendants because Plaintiff did not allege they were personally involved in any violations of his constitutional rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) ("a general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability.").

Accordingly,

---

[1] The commitment order pertains to three pending criminal actions against Plaintiff in Boone County: Nos. 15BA-CR00779-01, 15BA-CR00851-01, and 16BA-CR00540-01. He has been charged with second-degree burglary, possession of marijuana, and driving while revoked.

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk is directed to serve Defendant Dr. Edwin Wolfgram with process. Defendant should be served in accordance with the Court's waiver agreement with the State of Missouri, Department of Mental Health Employees.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants Dr. Tracey Fintel, Dr. Roy Wilson, Dalton Wilson, Ashley Wofford, and Ashley Jacobs are **DISMISSED** without prejudice.

An Order of Partial Dismissal will be filed separately.

Dated this 7th day of February, 2017.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE